Mr. Justice Van Obsdel
delivered the opinion of the Court :•
It is contended by counsel for appellant that the claim pre *496 sented in the amendment of July 13, 1909, substantially •differed from that of April 3d amendment, and that therefore the Commissioner failed to perform a mere ministerial duty in not ordering a re-examination of appellant’s application. Sec. 4903, U. S. Rev. Stat., U. S. Comp. Stat. 1901, p. 3389, provides as follows: Whenever, on examination, any claim for .a patent is rejected, the Commissioner shall notify the applicant thereof, giving him briefly the reasons for such rejection, together with such information and references as may be useful in judging of the propriety of renewing his application or of .altering his specification; and if, after receiving such notice, the applicant persists in his claim for a patent, with or without altering his specifications, the Commissioner shall order a reexamination of the case.”
Whether or not the claim last rejected differed in substance 'from the one acted upon immediately previous, so as to constitute a new claim upon which the appellant was entitled to a reexamination after rejection, was a question manifestly for the determination of the Patent Office, unless there be such a •dissimilarity as would show on its face an abuse of discretion. That, however, is not the case here. The claims under consideration are so-nearly alike in their phraseology as to call for the exercise of the judicial discretion intrusted to the Commissioner. It is highly proper that a question of this nature -should be left to the judgment of those whose training has rendered them peculiarly fitted for its decision. Hence, it is -not within the province of this court to- interfere by writ of mandamus.
But it is contended by appellant that his application was finally rejected, not upon the ground that the claim of July 13th did not substantially differ from that of April 3d, but because it presented no patentable distinction over certain references, two of which had not been cited against the earlier claim. Sec. 68 of the rules of practice provides: “The applicant has a •right to amend before or after the first rejection or action; and he may amend as often as the Examiner presents new references .or reasons for rejection. In so amending, the applicant must *497 clearly point ont all the patentable novelty which he thinks the case presents, in view of the state of the art disclosed by the references cited or the objections made. He must also show how the amendments avoid such references or objections.”
It will therefore be seen that appellant was only entitled to amend his application as long as the Examiner presented “new references or reasons for rejection.” Appellant amended his application three times. Each time the rejection was on the general ground that the claims failed to disclose a patentable invention over certain references. Against the claims contained in the amendments of April 3d and July 13th were cited only such patents as had been used as references in previous rejections. The question whether or not the difference in the phraseology of the rejections, coupled with the fact that two more references were cited against the claim of July 13th than against that of April 3d, although all had previously been made of record, constituted “new references or reasons for rejections,” within the meaning of the rules, was purely a question relating to practice, exclusively within the jurisdiction of the Commissioner. With his ruling thereon, this court has no power to interfere in a proceeding like the present. A writ of mandamus cannot take the place of an appeal.
The judgment of the court below is affirmed, with costs, and it is so ordered. Affirmed.